Venancio Ríos, Plaintiff and Appellant, *v.* Eusebio Díaz, Defendant and Appellee.

No. 7966. Argued April 24, 1939.—Decided April 28, 1939.

*V. Polanco de Jesús* for appellant. *Angel Rivera Colón* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The dismissal of the appeal filed in the instant case is prayed for because the same was filed after the expiration of the term granted therefor.

It appears from the record that the judgment appealed from was rendered on May 3, 1938, and that on that same day it was notified to the losing party and a copy of the notice given was filed with the record. The appeal was taken on the third of the following June.

The appellant challenges the dismissal because it asked the court to be declared a pauper, and it was not until June 3 that the court acted on his petition; and because, living in Ciales, which is 26 miles from Arecibo, and notice having been given by mail, he was entitled to an additional day, in accordance with the provisions of sec. 321 of the Code of Civil Procedure.

In our opinion, his contention is not well founded. We are dealing with a jurisdictional term. One month is fixed by the statute—sec. 295, paragraph 1, of the Code of Civil Procedure, 1933 ed.—and it has been held that when the law speaks of months they shall be understood to have 30 days. Section 8 of the Civil Code, 1930 ed.; *Luce & Co. S. en C.* v. *Cintrón*, 42 P.R.R. 590; *Noriega* v. *Heirs of Colón*, 40 P. R.R. 431, and *Wolkers* v. *American R. R. Co. of P. R.*, 20 P.R.R. 379.

The fact that the motion to litigate *in forma pauperis* was pending does not interrupt the term nor is the provision of section 321 of the Code of Civil Procedure, 1933 ed., applicable, because in this case, by express provision of the law "the time for the filing of the appeal shall begin to be counted from the day on which copy of said notice is filed with the record," and not from the day notice is given.

The appeal should be dismissed.